97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert E. RICHARDSON, Plaintiff-Appellant,
v.
Kenneth L. McGINNIS, Defendant-Appellee.
 No. 95-3763.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1996.*
Decided Sept. 9, 1996.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Robert E. Richardson, a prisoner of Illinois, contends in this action under 42 U.S.C. § 1983 that defendants violated his rights under the eighth and fourteenth amendments by failing to prevent an assault on him by other inmates, by returning him to the unit where the assault occurred, and by assigning him to a cell with a broken window and leaky toilet.
 
 
 2
 On a prior appeal (No. 93-1463, decided April 24, 1995) we affirmed a grant of summary judgment in favor of all defendants except Kenneth McGinnis, the former Director of the Illinois Department of Corrections, who had not been served with process. We held that the responsibility for the failure of service lay elsewhere than with plaintiff, but we suggested that the claim against McGinnis might well be frivolous, because Richardson conceded that he lacked evidence that McGinnis possessed personal knowledge of the events complained of. On remand, the district judge promptly dismissed the suit under 28 U.S.C. § 1915(d), ruling that the concession made the claim against McGinnis frivolous.
 
 
 3
 Richardson does not retract his concession. He argues instead that all persons in the prison chain of command are presumptively liable for harms that befall their charges, unless they can establish that they lacked information and knowledge under the standards of Farmer v. Brennan, 114 S.Ct. 1979 (1994). Richardson does not cite any authority for this proposition, and there is none. In civil litigation the plaintiff must establish all essential elements of each claim by a preponderance of the evidence; a defendant need not come forward with evidence until the plaintiff has made out a prima facie case. Richardson lacks evidence of McGinnis's personal involvement or knowledge. Of course, at the pleading stage a plaintiff need not have evidence; but he may plead himself out of court by making concessions, as Richardson has done. The district court properly deemed the suit frivolous.
 
 AFFIRMED
 
 
 *
 This successive appeal has been assigned to the original panel, which has concluded that oral argument is unnecessary